*Received 2-27-18*
*@ 2:15 pm Hour*

**FILED**

1 | JONATHAN D. HALLY
2 | BLEWETT MUSHLITZ HALLY, LLP
   | Idaho State Bar# 4979
3 | 710 16th Avenue
   | P.O. Box 1910
4 | Lewiston, ID 83501
   | Telephone: (208) 413-6678
5 | Facsimile: (208) 413-6682
6 | Attorneys for Plaintiffs

2017 DEC 20  PM 3: 48

PATTY O. WEEKS
CLERK OF THE DIST COURT

DEPUTY

7 | IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE
8 | STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

9 | JACKSON'S BUY, SELL, TRADE, INC.,           )   Case No. CV17-02398
   | an Idaho Corporation, and TERRY JACKSON,    )
10 |                                             )
11 |                     Plaintiffs,            )   **COMPLAINT AND DEMAND**
   |                                             )   **FOR JURY TRIAL**
12 |         vs.                                 )
   |                                             )   Fee Category: A(A)
13 | DOUG GIDDINGS, individually and in his      )
14 | official capacity as SHERIFF OF IDAHO       )   Fee: $221.00
   | COUNTY; the IDAHO COUNTY SHERIFF'S          )
15 | DEPARTMENT, and the COUNTY OF IDAHO,        )
   | STATE OF IDAHO, the IDAHO COUNTY            )
16 | COMMISSIONERS, and JOHN DOES 1-10,          )
17 |                                             )
   |                     Defendants.             )
18 |                                             )

19 |     COMES NOW the plaintiffs, and for a cause of action against the defendants, complains

20 | and alleges as follows:

21 |

22 | **I. PARTIES**

23 |     1.    Jackson's Buy, Sell, Trade, Inc., is an Idaho Corporation with its principal place

24 | of business being located in Idaho County, Idaho.

25 |     2.    Plaintiff, Therral "Terry" Jackson, (hereinafter "Terry Jackson") was at all

26 |

27 | relevant times a resident of Kamiah, Idaho County, Idaho and was and is the sole stockholder and

28 | **COMPLAINT AND DEMAND FOR JURY TRIAL – 1**

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

1    owner of Jackson's Buy, Sell, Trade, Inc., and was dependent upon said business for his income.

2          3.    Defendant DOUG GIDDINGS was, at times material to this complaint, a resident

3
4    of Idaho County, Idaho and the SHERIFF for Idaho County, Idaho which was a duly elected

5    position. All references to defendant Giddings shall mean both Giddings and the Idaho County

6    Sheriff.

7          4.    Defendant Idaho County Sheriff's Department is a department within the County

8    of Idaho, State of Idaho.

9
10         5.    Defendant IDAHO COUNTY is a governmental entity and political subdivision

11    of the State of Idaho.

12         6.    Defendants IDAHO COUNTY COMMISSIONERS were at all times material to

13    this complaint, duly elected officials and in that position and capacity had the duty and authority

14
15    under state law and practice of said county to formulate and oversee policies and practices of the

16    County of Idaho as well as the Idaho County Sheriff's Department.

17         7.    The unknown defendants, JOHN DOES 1-10, are other agents and/or employees

18    of the County of Idaho and the Idaho County Sheriff's Department and will be identified with true

19
20    names substituted as they are discovered.

21         8.    At all times mentioned herein, all defendants were acting under color of state law

22    and within the scope of their employment and/or in their official capacity.

23         9.    All conditions precedent to this suit have been satisfied.

24

25

26

27

28    **COMPLAINT AND DEMAND FOR JURY TRIAL – 2**

## II. GENERAL ALLEGATIONS

10. Plaintiff Jackson Buy, Sell, and Trade, Inc., is in the business of providing wrecker services including within the Idaho County area. Said business is and has been dependent upon receiving non-preference calls for towing services in Idaho County, Idaho.

11. As a result of problems associated with unfair procedures pertaining to non-preference calls for towing services, plaintiffs had filed a lawsuit in the United States District Court for the District of Idaho, Case No. 90-415-N-HLR against Idaho County, the Idaho County Sheriff's Department and the Idaho County Sheriff. That case was resolved by way of a Stipulation ("Stipulation") in which the named parties stipulated to and agreed that Jackson's Buy, Sell, Trade, Inc., and Terry Jackson had acquired a property interest with regard to non-preference calls for towing services in Idaho County, pursuant to various policies, customs, and/or practices which have existed in Idaho County and which preceded the development and implementation of the Idaho County Sheriff's Policy concerning the providing of emergency towing services in Idaho County, dated January 21, 1992. The stipulated settlement of the federal case was based upon promises from Idaho County, the Idaho County Sheriff's Department and the Idaho County Commissioners that they would adopt a fair policy for non-preference wrecker calls within Idaho County.

12. That attached hereto as Exhibit "A" is a true and accurate copy of the Stipulation referenced in paragraph 11 and which Stipulation is incorporated herein by reference as though fully set forth.

13. That pursuant to the Stipulation, the Honorable Harold L. Ryan, United States District Judge in and for the United States District Court for the District of Idaho entered an Order

COMPLAINT AND DEMAND FOR JURY TRIAL – 3

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

1  dismissal of federal case 90-415-N-HLR with prejudice.  A true and correct copy of said Order

2  is attached hereto as Exhibit "B" and is incorporated herein by reference.

3
4         14.    That Exhibit "C" is a true and accurate copy of the 1992 non-preference towing

5  call policy (hereinafter "Towing Rotation Policy")  for Idaho County that was adopted by the

6  Idaho County Sheriff's Department,  Idaho County, and the Idaho County Commissioners and

7  said policy was implemented as part of the settlement agreement in the above-referenced federal

8  lawsuit.

9
10        15.    That on information and belief the Towing Rotation Policy was amended on

11 occasion with the last amendment having occurred in 2007.

12        16.    That on information and belief, on or about May 26, 2009, the Idaho County

13 Commissioners, in formal session, voted to eliminate the Towing Rotation Policy.

14
15        17.    That on information and belief, the defendants no longer had in place a non-

16 preference towing policy in place as of December 21, 2015 when Sheriff Giddings removed the

17 plaintiffs from the Idaho County tow rotation list and stopped giving calls to plaintiffs for non-

18 preference tows as set forth below.

19
20        18.    That Sheriff Doug Giddings individually and in his official capacity, held

21 animosity toward plaintiffs and initiated a course of conduct whereby defendant Giddings,

22 targeted the plaintiffs with the specific intent of harming the plaintiffs wrecking business

23 including the refusal to provide plaintiffs with non-preference tow calls.

24        19.    Defendant Giddings further engaged in a conspiracy to deliberately harm the

25 plaintiffs business by depriving them of the right to be given non-preference tow calls.

26

27

28 COMPLAINT AND DEMAND FOR JURY TRIAL – 4

20.     That in a letter dated December 21, 2015, which plaintiffs received on or about December 24, 2015, defendant Giddings notified plaintiffs that they were removed from the Idaho County non-preference tow rotation.   Subsequent to the issuance of the letter, the plaintiffs have not been called for any Idaho County non-preference tow calls.

21.     That the removal of plaintiffs from the Idaho County Tow Rotation list was unlawful and was done willfully, intentionally, maliciously and with a deliberate attempt to deprive plaintiffs of property without due process in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States as well as Article I, Section 13 of the Constitution of the State of Idaho.

**COUNT I**
*CIVIL RIGHTS VIOLATION*
(42 U.S.C. §1983)

22.     Plaintiffs incorporate and reallege all of the foregoing allegations as though fully set forth.

23.     The defendants' unlawful conduct violated the plaintiffs' Civil and Constitutional Rights by depriving plaintiffs of property without due process and said unlawful actions willful, oppressive, wanton, malicious, and an extreme deviation from reasonable standards of conduct, and were performed with an understanding for their likely consequences.

24.     The actions taken by defendants were part of a long established and recognized and accepted custom, policies and practices of civil rights violations and other misconduct by Sheriff Giddings and the Idaho County Sheriff's Department and Idaho County.  These policies, practices, and customs were a direct and proximate cause of the deprivations of the plaintiffs' civil and constitutional rights.

COMPLAINT AND DEMAND FOR JURY TRIAL – 5

25.     As a direct and proximate cause of defendants' unlawful conduct, plaintiff did suffer a violation of his civil rights under 42 U.S.C. Section 1983 et. seq; his rights and liberties under the Constitution of the United States, including but not limited to the Fifth and Fourteenth Amendments of said Constitution; the Constitution of the State of Idaho, including but not limited to Article I, Section 13 of said Constitution; and the laws of the state of Idaho and the United States.

26.     As a direct and proximate result of the defendants' unlawful actions, plaintiffs suffered damages, including the loss of past, present and future income, in an amount which exceeds the jurisdictional limit of the Magistrate Division, the exact amount of which will be proven at trial.

**COUNT II**
*Breach of Contract*

27.     Plaintiffs incorporate and reallege all of the foregoing allegations as though fully set forth.

28.     The defendants' actions and omissions constituted a material breach of contract.

29.     As a direct and proximate cause of defendants' unlawful conduct, plaintiffs were caused to suffer and to continue to suffer damages in an amount in excess of the jurisdictional limit of the Magistrate Division, the exact amount of which will be proven at trial.

**COUNT III**

30.     Plaintiffs incorporate and reallege all of the foregoing allegations as though fully set forth.

COMPLAINT AND DEMAND FOR JURY TRIAL – 6

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

31.     Defendant Gidding, individually and as Sheriff, and John Does' actions constituted a tortious interference with plaintiffs' economic advantage.

32.     As a direct and proximate result of defendants' unlawful conduct, the plaintiffs suffered damages including loss of income in an amount in excess of the jurisdictional limit of the Magistrate Division, the exact amount of which will be proven at trial.

33.     Plaintiffs have been required to retain Jonathan Hally of the Law offices of Blewett Mushlitz Hally, LLP  to prosecute this matter and are entitled to costs and reasonable attorney fees under Idaho law as well as pursuant to 42 U.S.C. Section 1988.

WHEREFORE the plaintiffs request judgment against the defendants as follows:

1.     For damages in an amount in excess of $10,000.00, the exact amount of which will be proven at trial.

2.     For an award of reasonable attorney fees and costs of suit.

3.     For such further relief as the Court deems just and equitable.

DATED this 20th day of December, 2017.

BLEWETT MUSHLITZ HALLY, LLP

By_____
Jonathan Hally, a member of the firm.
Attorneys for Plaintiffs

COMPLAINT AND DEMAND FOR JURY TRIAL – 7

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial of all triable issues in this cause and will not stipulate to a jury of less than twelve.

DATED this 20th day of December, 2017.

BLEWETT MUSHLITZ HALLY, LLP

By_____

Jonathan Hally, a member of the firm.
Attorneys for Plaintiffs

COMPLAINT AND DEMAND FOR JURY TRIAL – 8

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

# EXHIBIT "A"

David Sasser
James D. Carlson
HAMLIN & SASSER, P.A.
Attorneys at Law
Hoff Building
802 West Bannock, Suite 601
P.O. Box 1525
Boise, Idaho 83701
Telephone No. (208) 344-8474

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JACKSON'S BUY, SELL, TRADE, )
INC., an Idaho Corporation d/b/a )
JACKSON'S WRECKING, and TERRY E. )
JACKSON, individually )          Case No. 90-415-N-HLR
)
         Plaintiffs, )
)
vs. )                            STIPULATION
)
COUNTY OF IDAHO, STATE OF )
IDAHO; COUNTY OF IDAHO, STATE )
OF IDAHO, SHERIFF'S DEPARTMENT )
RANDY BALDWIN, SHERIFF, )
COUNTY OF IDAHO, STATE OF )
IDAHO; and RICHARD ZIEGLER )
DEPUTY SHERIFF, COUNTY OF )
IDAHO; STATE OF IDAHO, )
)
         Defendants. )
_____)

COME NOW the above-named parties, by and through

undersigned counsel of record and do hereby stipulate and agree as

follows:

1.    That Plaintiffs have acquired a "property interest"

with regard to non-preference calls for towing services in Idaho

County, pursuant to various policies, customs, and/or practices,

STIPULATION - 1.

which have existed in Idaho County over the past approximate seventeen (17) years and which preceded the development and implementation of the Idaho County Sheriff's Policy, concerning the providing of emergency towing services in Idaho County, dated January 21, 1992.

2. That the parties previously stipulated to the dismissal of all damages claims set forth in the Plaintiffs' Complaint on file herein.

3. That the parties stipulate and agree that any and all of Plaintiffs' remaining claims against the named Defendants shall be dismissed with prejudice, with each party to bear their own costs and attorney fees.

DATED this _24th_ day of July, 1992.

Allen Bowles, Attorney for Plaintiffs

HAMLIN & SASSER, P.A.

By _____
David Sasser, Of the Firm
Attorneys for Defendants

2824C^29.P05

STIPULATION - 2.

# EXHIBIT "B"

FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT AUG 25 P 4:19

FOR THE DISTRICT OF IDAHO

CAMERON S. BURKE

JACKSON'S BUY, SELL, TRADE,     )
INC., an Idaho Corporation d/b/a )
JACKSON'S WRECKING; and TERRY E. )
JACKSON, individually           )     Case No. 90-415-N-HLR
                                )
        Plaintiffs,             )
                                )
vs.                             )     ORDER
                                )
COUNTY OF IDAHO, STATE OF       )
IDAHO; COUNTY OF IDAHO, STATE   )
OF IDAHO, SHERIFF'S DEPARTMENT  )
RANDY BALDWIN, SHERIFF,         )
COUNTY OF IDAHO, STATE OF       )
IDAHO; and RICHARD ZIEGLER      )
DEPUTY SHERIFF, COUNTY OF       )
IDAHO, STATE OF IDAHO,          )
                                )
        Defendants.             )
_____)

        The Stipulation of the parties to the dismissal with

prejudice of any and all claims by the Plaintiffs and the

Stipulation as to the existence of Plaintiffs' "property interest"

with regard to non-preference calls for towing services in Idaho

County, having come before the Court and good and sufficient cause

appearing therefore;

        IT IS HEREBY ORDERED AND THIS DOES ORDER that any and all

claims by the Plaintiffs against the Defendants are dismissed with

prejudice, with each party to bear their own costs and attorney

fees.

ORDER - 1.

DATED this 25th day of August, 1992.

HAROLD L. RYAN
_____

Harold L. Ryan
United States District Judge

## CERTIFICATE OF SERVICE

.I HEREBY CERTIFY that on the _____ day of August, 1992,
I caused to be served, by the method(s) indicated below, a true and
correct copy of the foregoing upon:

Allen V. Bowles
Attorney at Law
212 East Sixth Street
P. O. Box 9285
Moscow, Idaho  83843-1785

David Sasser
James D. Carlson
HAMLIN & SASSER, P.A.
Attorneys at Law
Hoff Building
802 West Bannock, Suite 601
P.O. Box 1525
Boise, Idaho  83701

_____ Hand Delivered
_____ United States Mail
_____ Facsimile Transmission
_____ Federal Express


_____
Deputy Clerk

2824C^30.P05

ORDER - 2.

# EXHIBIT "C"

361951

DONPUTER ( )
INDEXED ( )
TRACTED ( )
FILMED ( )
INSEXROR ( )

## IDAHO COUNTY SHERIFF'S POLICY

## CONCERNING THE PROVIDING OF EMERGENCY TOWING

## SERVICES IN IDAHO COUNTY

## EMERGENCY TOWING SERVICES

| SECTION NO: | SECTION TOPIC: |
|---|---|
| 1 | Purpose |
| 2 | Compliance and Definitions |
| 3 | Driving Tow Truck to Scene of Accident Prohibited Exception (Presence at Scene is Evidence of Violation) |
| 4 | Soliciting Emergency Towing Service Business at Scene Prohibited (Presence at Scene is Evidence of Violation) |
| 5 | Response to Certain Private Calls for Emergency Towing Services Prohibited; Reporting Requirements; Exception |
| 6 | Interference with or Harassment of Towing Services or Dispatch Prohibited |
| 7 | Dispatch Requirements and Procedure |
| 8 | License Required; Non-Transferability; Expiration Date; Location |
| 9 | License Application; Procedure; Actions; Hearing; Renewal |
| 10 | License and Inspection Fees |
| 11 | Towing Services Specifications and Capabilities |
| 12 | Towing Service Rotation List; Requirements; Operating Procedures |
| 13 | Effective Date |

1. **PURPOSE:** The purpose of this Emergency Towing Services Policy is to promote public safety and welfare by protecting motorists who sustain breakdowns or accidents; to promote safety in the dispatch

Filed and recorded at the request of _Idaho Co. Commissioners_

at _8:24_ o'clock _P_ M this _22_ day of _Sept_ 1992,

By _Kathi M. Schultz_
Deputy

1

ROSE E GEHRING
Ex-Officio Auditor and Recorder    Fee $ _-0-_
Idaho County, Idaho

and response of wrecks to calls for their services; to protect the property of persons requiring emergency towing services and to promote harmony in the manner in which such services are provided.

2.  COMPLIANCE AND DEFINITIONS:  It shall be unlawful for any person, firm or entity of whatever nature, to engage in the business of towing or removing wrecked or disabled vehicles in Idaho County without complying with the provisions of this Policy. Violations of this Policy shall be subject to the penalties set forth herein.

As used in this Policy, the following terms will have the following meanings:

ACCIDENT:  Any occurrence in Idaho County which results in a wrecked or disabled vehicle, and which results in either the injury or death of any person, or damage to property of any one person in excess of Seven Hundred Fifty and No/100 Dollars ($750.00), or both.

IDAHO COUNTY:  That area which is within the jurisdiction of the Board of Idaho County Commissioners.

DISABLED VEHICLE:  A vehicle which has been abandoned or rendered unsafe to be driven as the result of some occurrence other than an accident including, but not limited to: (1) mechanical failures or breakdowns; (2) fire; (3) vandalism; (4) a vehicle which is in a safe driving condition, but the owner is not present, able or permitted to drive; (5) or any other occurrence which reasonably necessitates removal of the vehicle by a tow truck.

DISPATCH:  The person or persons in the Idaho County Sheriff's office assigned by the Sheriff to route calls for towing service.

EMERGENCY TOWING SERVICES COMPANY:  Any person or entity who owns, controls, or has a financial interest in emergency towing services.

EMERGENCY TOWING SERVICES:  The business of towing or removing wrecked or disabled vehicles.

IMPOUND OFFICER:  The person designated by Idaho County Sheriff to handle matters related to emergency towing services.

LICENSEE:  A person or entity licensed to engage in emergency towing services.

2

OWNER:  A person who holds legal title to a vehicle, or who has legal right of possession of a vehicle, or legal right of control of a vehicle.

PERSON:  An individual, assumed name entity, proprietorship, partnership, joint venture, association, corporation, or other legal entity.

WRECKED VEHICLE:  A vehicle that has been damaged as the result of overturning or colliding with another vehicle or object so as to reasonably necessitate that the vehicle be removed by a tow truck.

Tow truck:  A vehicle designed to be used primarily for removing wrecked or disabled vehicles from any location.

TOWING SERVICES ROTATION LIST:  A list of qualified licensed emergency towing service companies maintained by dispatch and used to determine the priority of tow trucks to be dispatched.

3.  DRIVING TOW TRUCK TO SCENE OF ACCIDENT PROHIBITED - EXCEPTION (PRESENCE AT SCENE IS EVIDENCE OF VIOLATION):  No person may drive a tow truck, licensed or unlicensed, to the scene of an accident in Idaho County, unless that tow truck has been called to the scene by dispatch.  Proof of presence of a person in the towing business, or the presence of a tow truck or a motor vehicle owned or operated by a person engaged in the towing business, either as owner, operator, employee or agent, stopped at the scene of an accident, who was not involved in the accident and whose driving or occupants were not witnesses to the accident, and which were not called to scene by dispatch, shall constitute prima facie evidence of a violation of this Section.

4.  SOLICITING EMERGENCY TOWING SERVICE BUSINESS AT SCENE PROHIBITED (PRESENCE AT SCENE IS EVIDENCE OF VIOLATION):  No person may solicit in any manner, directly or indirectly, the business of towing, removing, repairing, wrecking, storing, trading, or purchasing a vehicle or cargo at the scene of an accident.  Proof of the presence of a person in the towing business or the presence of a tow truck or motor vehicle owned or operated by a person engaged in the towing business, either as owner, operator, employee, or agent, stopped at the scene of an accident, who was not involved in the accident, and whose driver or occupants were not witnesses to the accident, and were not called to the scene by dispatch, shall be prima facie evidence of a violation of this Section.

5.  RESPONSE TO CERTAIN PRIVATE CALLS FOR EMERGENCY TOWING SERVICES PROHIBITED; REPORTING REQUIREMENTS; EXCEPTION:  No tow truck shall respond to a private call for towing services in Idaho County when an accident is involved.  Any private calls for towing services involving an accident shall immediately be reported to dispatch.  A tow truck may respond to a private call for wrecker service to

a disabled vehicle, not involving an accident, or to a private request for other tow, truck or towing services not requiring the involvement of a law enforcement agency; provided however, if upon arrival at the scene, a tow truck discovers an accident is involved, the tow truck shall immediately notify dispatch. All towing companies shall advise dispatch before responding to any private call for towing services involving an accident or disabled vehicle. No tow truck will move a vehicle it knows or has reason to believe the vehicle has been involved in an accident without first contacting dispatch and obtaining permission to do so from the law enforcement agency having jurisdiction over that accident.

6. INTERFERENCE WITH OR HARASSMENT OF TOWING SERVICES OR DISPATCH PROHIBITED: No person, either a licensee hereunder or any other person, may interfere, harass, hinder or delay in any manner services being provided at the scene of an accident, or the scene of an occurrence requiring towing services, including but not limited to services provided by a towing service; law enforcement officers or emergency medical personnel. Nor shall any person interfere, harass, hinder or delay in any manner dispatch, in providing services necessitated by this Policy. All questions, inquiries or appeals related to the application of this Policy will be directed to the Board of County Commissioners, or their designee, during regular business hours and will not be directed to dispatch.

7. DISPATCH REQUIREMENTS AND PROCEDURE: If a law enforcement officer determines that a tow truck is needed at the scene of an accident or a disabled vehicle, dispatch, at its discretion and subject to all other circumstances then pending, will call either the towing service indicated to the law enforcement officer by the expressed preference of the owner, or, if the owner does not of his or her own initiative expressly request a particular towing service, the towing services company in first position on the applicable towing service rotation list. Calls for services by dispatch to tow trucks on the towing service rotation lists will be made subject to the information available to dispatch and all existing circumstances. In making such calls, every effort will be made to take into consideration the provisions of Section 12 of this Policy.

8. LICENSE REQUIRED; NON-TRANSFERABILITY; EXPIRATION DATE, LOCATION:

A. No person may engage in emergency wreck services inside Idaho County without first obtaining an emergency towing service license from the Idaho County Clerk. Only one license may be issued to each emergency towing services company. Such licenses shall expire on the 31st day of December of every even numbered year. The license issued to an emergency towing services company authorizes

the licensee and all of its bona fide employees to engage in
emergency towing services in Idaho County for the term of the
license.

B. Each licensee must maintain a permanent and established place
of business and must promptly notify the Idaho County Clerk of any
change of address.

9. LICENSE APPLICATION; PROCEDURE; ACTIONS; HEARING; RENEWAL:

A. Any person desiring to engage in emergency towing services in
Idaho County shall file with the Idaho County Clerk a written
application upon a form provided for that purpose. The following
signed by the applicant or his authorized agent. The following
information shall be required in the application:

1. The trade name, address, and telephone number of the
applicant.

2. The number and types of tow trucks and towing
services to be operated or provided.

3. The name and address to which all official correspondence
should be sent and the telephone number of the owner or
authorized agent of the emergency towing services company.

4. The names, addresses and telephone numbers of all persons
possessing any financial interest in the emergency towing
services company.

5. A statement as to whether or not the applicant wishes to
participate in the towing service rotation list, and if so,
the list for light vehicles, heavy vehicles, or both.

6. A copy of the applicant's public liability insurance
policy or policies required by this Policy.

7. The address of and a thorough description of the
applicant's impound yard and the structures thereon.

8. A list of the names, addresses, dates of birth and drivers
license numbers of all applicants, employees, or agents who
will provide emergency towing services.

B. Upon the filing of an application for an emergency towing
services company license and the tendering of the fee for
processing the application, the County Clerk may make arrangements
for the applicant to appear for an inspection of the applicant's
tow truck or tow trucks by the Idaho County Sheriff or his designee
at the time and place determined by the Sheriff or his designee.
The Sheriff or his designee may conduct an inspection of the tow
truck or tow trucks and the business premises of the applicant to

5.

determine if the applicant's tow truck and emergency towing company are in compliance with this Policy.

C.   The County Clerk may, at any time, require such additional information from an applicant or licensee as the Clerk, in his or her discretion, may deem necessary to clarify items on the application or the status of a licensee's compliance with this Policy.

D.   If the Sheriff or his designee finds that the applicant meets the requirements of this Policy, the County Clerk shall, within thirty (30) days of notice of such finding by the Sheriff, issue an emergency towing services license to the applicant. The County Clerk shall refuse to issue or renew a license if the Sheriff finds that the emergency towing services company does not meet the requirements of this Policy. If at any time during the license year, an emergency towing services company violates the requirements of this Policy, the license may be suspended, revoked or renewal denied, subject to the notice and appeal provisions contained in this Policy.

E.   The County C. irk, within thirty (30) days of receipt of notice from the Sheriff's Department that the Sheriff's Department has (1) received an allegation of a violation of the requirements of this Policy by the licensee or any of the licensee's employees or agents, or any other allegation bearing on the licensee's fitness to retain such license, (2) completed an investigation of such allegation, and (3) forwarded its notice of such allegation and the results of such investigation to the County Clerk, shall approve continuation of the license or suspend or revoke the license based upon the Sheriff's findings concerning the alleged non-compliance with or violations of the provisions of this Policy, or other allegations bearing on the licensee's fitness to retain such license.   Notice of any such action shall be communicated by the County Clerk to the licensee in writing and copies of such notice will be mailed by the County Clerk to the Idaho County Sheriff and the Idaho County Prosecuting Attorney.

F.   Appeal:  Appeal of a decision made pursuant to the provisions of this Policy will be made to the Board of Idaho County Commissions, or their designee, which shall be an independent hearing officer, in accordance with the following procedures:

1.   Standing:  Only an applicant or licensee directly affected by a decision made pursuant to this Policy shall have a right to appeal regarding that decision.  As used herein, an affected person shall be limited to a person or persons having a financial interest in an emergency towing services company which has been previously disclosed to the Idaho County Clerk as required by Section 9(A)(4).

6

2.   Time for Filing:   An appellant aggrieved by a decision made pursuant to this Policy shall, within ten (10) days or mailing of the written notice of decision to " ... icant or licensee, file with the Board of Idaho County Commissioners a written appeal setting forth in detail the reasons why that person feels the decision is incorrect, and shall simultaneously file with the Idaho County Sheriff and the Idaho County Prosecuting Attorney's Office copies of the written appeal.

3.   The Board of Idaho County Commissioners, or their designee, shall conduct a hearing within thirty (30) days after an appeal has been filed.   Both parties may be represented by an attorney of their choosing.   The executive employee who signed the decision being appealed and the appellant shall attend such hearing.   The hearing shall be conducted informally in accordance with procedures for informal administrative hearings before the Board of Idaho County Commissioners.

4.   The Board of Idaho County Commissioners, or its designee, shall issue a written decision within ten (10) days after the completion of the hearing.   The original shall be retained by the Idaho County Clerk and copies will be mailed to the appellant, the Idaho County Sheriff and the Idaho County Prosecuting Attorney.

10.   LICENSE AND INSPECTION FEES:   The annual fee for an emergency towing service license is Ten and No/100 Dollars ($10.00) for each emergency towing services company.   The fee for issuing a duplicate license for one lost, destroyed, or mutilated is Five and No/100 Dollars ($5.00).

11.   TOWING SERVICE SPECIFICATIONS AND CAPABILITIES:   An emergency towing services company must, at a minimum, provide the following services:

A.   Maintaining towing service, during normal business hours, through competent personnel who are physically located, so that they can be in their vehicles and en route to provide services within fifteen (15) minutes from the time they are called by dispatch.   No licensee or employee or agent of a licensee will provide towing services while under the influence of alcohol or drugs to any extent.   The odor of alcohol, marijuana, or any other objective evidence that a licensee or employee or agent of a licensee is under the influence of such substances shall constitute evidence of a violation of this prohibition.   Upon request of any law enforcement officer having reasonable grounds to believe that any licensee or employee or agent of a licensee is in violation of this prohibition, such person shall submit to an evidentiary test

requested by a law enforcement officer to verify the presence or absence of alcohol, drugs, or other intoxicating substances in the person's system.

B. Respond to all calls for services received from dispatch or immediately advise dispatch of unavailability and the reason therefore, with full recognition that dispatch will then call another emergency towing services company to provide such services.

C. Arrive at the scene where services are needed within a reasonable time, obeying all applicable laws and taking into consideration all existing conditions, including but not limited to road or weather conditions.

D. Maintain its own separate, locked, lighted and secured impound lot or other secured area, bordered by a chain-link, steel, or concrete fence, not less than six feet in height to secure impounded vehicles from vandalism, theft, fire or other damages; provided further that any lot where automobiles or property owned by members of the public are kept, shall be insured against fire, theft, vandalism, employee misconduct, and other damage as specified in subparagraph K of this Section and provided further that the towing services company shall be open for business from not less than 9:00 o'clock a.m. to 5:00 o'clock p.m., on all weekdays, excluding holidays.

E. Will have a competent employee or agent available to open the impound facility twenty-four (24) hours a day upon request by the Idaho County Sheriff's Department or other law enforcement agency.

F. In every instance where no hold has been placed on the vehicle or vehicles involved, deliver the wrecked or disabled vehicle or vehicles to a location either of the owner's choice, if satisfactory arrangements for payment for the service are made, or the towing services company's impound lot.

G. Report to the County Clerk all changes in tow trucks and equipment used in providing emergency towing services and make all additional, previously uninspected tow trucks available for inspection as required in this Policy. A tow truck which has not been inspected and approved for service as provided herein shall not be used to provide emergency towing services in Idaho County.

H. Before leaving the site of an accident, completely remove from that site all resulting wreckage or debris, including all broken glass, but excluding truck or vehicle cargos.

I. Provide a sufficient number of competent employees to provide all services in a safe manner in accordance with all applicable provisions of law; for instance, provide sufficient flag persons

8

where necessary to assure safety to the public and employees of the emergency towing services company, while such services are being provided.

J. Keep on file with the Idaho County Clark's Office and the Idaho County Sheriff's Department a current list identifying all authorized employees, or agents and including the address, date of birth, and drivers license number of each.

K. Keep on file with the Idaho County Clerk and the Idaho County Sheriff's Department, a current copy of all insurance related to the operation of the emergency towing services company. Further, each emergency towing services company must agree to defend and indemnify Idaho County for any claim against Idaho County arising out of a licensee's operations, as a towing services company and in addition, on each tow truck, procure and keep in force and effect during the term of the license, a policy of public liability insurance with limits of not less than Five Hundred Thousand Dollars ($500,000.00) per occurrence; storage lot insurance providing property protection for all hazards in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) per occurrence; employee liability insurance in the amount of Fifty Thousand Dollars ($50,000.00) per occurrence and garage-keeper's liability and cargo insurance in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) per occurrence. Each policy must be issued by an insurance company authorized to do business in the state of Idaho and in standard form approved by the Board of Insurance Commissioners. Each policy shall name Idaho County as an insured and shall require the insurer to defend and indemnify Idaho County for any claim brought by any person against Idaho County, arising out of the licensee's operation of an emergency towing services company. Each policy shall require the insurer to provide Idaho County with a certificate of insurance and shall further require the insurer to notify Idaho County ten (10) days in advance of any proposed change, modification, or cancellation of the policy.

L. Will submit to inspection of its storage lot and tow trucks at an time by law enforcement officials having jurisdiction in Idaho County to determine compliance with the Policy.

M. Will maintain records of every call for services, open to inspection upon request by any law enforcement officer, which shall include at a minimum, documentation of the name, address, and telephone numbers of all persons requesting services; location where services were provided; a complete description of the vehicle, or vehicles involved, including any and all vehicle identification numbers, any and all license plate numbers in any way associated with the vehicle(s); a complete description of the condition of the vehicle(s), including notation of any and all damage to the vehicle(s); a complete inventory of all property in the vehicle(s) or any other property that is in any way related to the call for services.

9

N. In the event of a call for services by any law enforcement agency for law enforcement purposes, such as impounding an automobile or property for evidence, such calls will be handled strictly at the discretion of the law enforcement agency involved; will not be subject to the towing service rotation lists referred to in this Policy and all of such calls will be handled strictly in accordance with the directions of the law enforcement agency having jurisdiction over the incident giving rise to the call for services. Any vehicle towed or impounded under such circumstances will be secured as directed by the law enforcement entity involved and will not be accessed by anyone, without the express permission of the law enforcement agency having jurisdiction over the matter.

O. Tow truck Specifications:

1. Each tow truck, whether winch or boom, roll bed, wheel lift, or a combination thereof, shall be not less than one ton in size and shall be equipped as follows:

a. Heavy duty transmission;

b. Dual rear wheels;

c. Power assisted brakes constructed so as to lock and hold drive wheels;

d. revolving or strobe overhead amber emergency lights;

e. Spotlights mounted behind cab capable of lighting scene of disability; and,

2. Each tow truck shall carry as standard equipment:

a. Tow bar;

b. Towing dollies;

c. Safety chains;

d. One fire extinguisher having a minimum capacity of five (5) pounds A.B.C. dry chemical;

e. A four foot (4') wrecking bar;

f. Broom;

g. Shovel;

h. Flares (red), flags, or fuses;

10

i.   Jumper cables;

j.   Five (5) gallon bucket of sand or absorbent
material;

k.   Traffic cones; and

l.   Magnetic or plastic base portable lights.

m.   All other necessary equipment required by State or
Federal Law.

3.   Each tow truck and all of its equipment shall be
maintained in safe and good working order at all times.
No towing service will respond to a call when it knows
or should know that the tow truck is unsafe, not in good
working order, or lacks necessary equipment and personnel
to perform emergency towing services.

P.   Those emergency towing companies wishing to receive dispatch
calls for a heavy duty tow truck must comply with the requirements
in subsection A of this Section, and in addition:

1.   Each heavy duty tow truck must be not less than five
(5) tons in size;

2.   Each heavy duty tow truck shall be equipped with a
power operated winch, winch line, and boom, with a
factory rated lifting capacity or a county tested
capacity of not less than thirty thousand (30,000)
pounds, single or double line;

3.   Each heavy duty tow truck must be equipped with
portable air lines for towed vehicles;

4.   Each heavy duty tow truck must be equipped with
tandem drive rear wheels.

12.   TOWING   SERVICE   ROTATION   LIST;   REQUIREMENT;   OPERATING
PROCEDURES:

A.   Each emergency towing services company that has obtained a
license pursuant to the provisions of this Policy and has filed
its written statements expressing its desire to participate in the
towing service rotation lists as provided for under Section 8, will
be eligible for calls from dispatch on the towing service rotation
lists.

B.   Calls for services on the towing service rotation lists will
be limited to situations involving wrecked or disabled vehicles,
in which the owners does not, of his or her own initiative,
expressly request a particular towing service.   Such calls for

11

emergency towing services are commonly referred to as "non-preference" calls for services. Such calls specifically do not include calls for services by law enforcement agencies where those agencies desire to have emergency towing services, of any nature, for law enforcement purposes.

C.  Zones - In view of the size of Idaho County and the need to provide a timely, safe, and efficient response as possible to calls for emergency towing services, calls for non-preference emergency towing services will be provided subject to geographical areas. These areas will be as follows:

1. Grangeville Area

Highway 7 to Greencreek Junction
Highway 95 North to Fenn
Highway 95 South to John Day Creek
Highway 13 to Harpster
Mount Idaho Grade
Harpster to Elk City
Riggins area as defined below if no Riggins area tow truck is available

2. Kooskia/Kamiah Area

Highway 62 including Lawyer's Canyon
Woodland, Beaver Slide, Glenwood back to Yacus Creek
Highway 13 to Harpster Bridge
Clearwater area, Tahoa Ridge area
Highway 12 to Montana border

3. Cottonwood Area

Cottonwood to Greencreek Junction
Highway 95 from Cottonwood North to Lewis County Line
Highway 95 from Cottonwood South to Fenn
Anything out of Cottonwood on the Salmon River
Highway 7 Greencreek Junction to Highway 62 Junction

4. Riggins Area

Highway 95 South to Adams County Line
Highway 95 North to John Day Creek

12

5.  Elk City
    Area              -  -      From bottom of Harpster's Grade
                                on Highway 14 to Elk City Area

D.  Calls for non-preference emergency towing services will be
made, based upon the information known to dispatch at the time the
call for services is made.

E.  Dispatch will maintain a system to enable them to determine
which towing service is first on the towing service rotation list.
Two towing service rotation lists will be maintained.  There will
be a towing service rotation list for non-preference calls for
services involving light vehicles and a second list will be
maintained for non-preference calls involving heavy vehicles.

F.  If the dispatcher is unable to contact the towing service that
is in the first position on the applicable rotation list, or the
towing service that is in first position refuses the call or does
not begin to physically respond within fifteen (15) minutes, that
towing service on that list will be moved to the bottom of the list
and the next towing service will be contacted and offered the call.
The dispatcher will be required to call the primary towing service
number and two backup numbers and allow five rings each before
moving to the next service.

G.  Dispatch will not give any description of the services
necessary to any towing service until that towing service has
advised whether or not it accepts the call for services.  Once
acceptance of the call has been acknowledged by the towing service,
dispatch will then provide the towing service with all information
available to dispatch that would be helpful to the towing service
in deciding the type of equipment and number of employees necessary
to properly handle the call.

H.  Each towing service shall provide dispatch at the Idaho County
Sheriff's Department and the Idaho County Clerk's Office with one
primary telephone number where all calls for services are to be
directed.  Each emergency towing services company may also provide
two alternate telephone numbers for dispatch to use and which will
provide for direct telephone contact from dispatch to the towing
services company or one of its authorized employees.  Dispatch will
not contact pager numbers, which do not provide immediate two way
communication, or any numbers which require call backs or follow-
up calls which entail delay of any nature.

I.  Idaho County will make its best efforts to follow the towing
services rotation list; however, due to the many variable involved
in calls for emergency towing services, there is no warranty by
Idaho County that the use of the towing rotation lists will result
in absolute equal participation in calls for non-preference tow
services and no entitlement or right to such calls is intended to
be created by adoption of this Policy.

13

J.    Once an emergency towing services company has expressed a
desire to participate in the emergency towing rotation list, but
cannot be contacted at the number on file with dispatch or refuses
or fails to respond to a call for such services, for any reason,
dispatch will file notice of such occurrence with the County Clerk,
advising the County Clerk of the date and time of such occurrence.
The County Clerk may request a written response from the emergency
towing services company providing an explanation for such
occurrence and a written notification of whether that emergency
towing services company desires to remain on the towing rotation
list.   The failure of any emergency towing services company to
respond to such an inquiry within ten (10) days shall constitute
basis for removal of the towing services company from the rotation
list without further notice.

13.   EFFECTIVE DATE:  This policy shall take effect on the 21st
day of January, 1992.

ADOPTED BY THE IDAHO COUNTY SHERIFF'S OFFICE ON THE 21st DAY OF
JANUARY, 1992.

IDAHO COUNTY SHERIFF'S OFFICE
BY:   R.T. ZIEGLER, LIEUTENANT

14